This cause came to be heard upon the accelerated docket pursuant to App. R. 11.1 and Loc.App.R. 25, the record from the Cuyahoga County Court of Common Pleas, and briefs of counsel. Defendant-appellant, Robert McQueen, pled guilty to attempted rape. There was a subsequent hearing on the applicability of H.B. 180 held on May 5, 1997. Defendant-appellant now appeals the decision of the trial court which found defendant-appellant to be a habitual sex offender pursuant to R.C. 2950.09(E).
Defendant-appellant raises the following assignments of error:
 I. THE TRIAL COURT ERRED IN DENYING DEFENDANT-APPELLANT'S MOTION TO DISMISS ON CONSTITUTIONALITY GROUNDS.
 II. THE DECISION OF THE COURT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Defendant-appellant argues in his first assignment of error that the trial court erred in denying his motion to dismiss on the grounds that R.C. 2950.09 constitutes an ex post facto law and is, therefore, unconstitutional. Defendant-appellant also argues the "retroactive" registration/notification provisions of H.B. 180 are similarly unconstitutional. We disagree.
Recently, in State v. Cook (1998), 83 Ohio St.3d 404, the Ohio Supreme Court held in paragraph two of its syllabus:
 R.C. 2950.09(B)(1), as applied to conduct prior to the effective date of the statute, does not violate the Ex Post Facto Clause of Section 10, Article I of the United States Constitution.
While the syllabus specifically cites to R.C. 2950.09(B) (1) due to the facts of the case, the Supreme Court applied the "guideposts" set forth in Kennedy v. Mendoza-Martinez (1963),372 U.S. 144, 83 S.Ct. 554, 9 L.Ed.2d 644, to conclude that R.C. Chapter 2950, in its entirety, serves the remedial purpose of protecting the public and is not punitive even though the notification requirements may be detrimental to the registrants. Id. at 423. As such R.C. Chapter 2950 does not violate the Ex Post Facto Clause of the United States Constitution and does not violate the ban on retroactive laws set forth in Section 28, Article II of the Ohio Constitution. Defendant-appellant's first assignment of error is not well taken.
In the second assignment of error, defendant-appellant argues the trial court's finding that he is a habitual sex offender under the statute is against the manifest weight of the evidence since none of his prior convictions was sexually oriented.
Article IV, Section 3(B)(3) of the Ohio Constitution authorizes appellate courts to assess the weight of the evidence independently of the fact-finder. Thus, when a claim is assigned concerning the manifest weight of the evidence, an appellate court "has the authority and the duty to weigh the evidence and determine whether the findings of * * * the trier of fact were so against the weight of the evidence as to require a reversal and a remanding of the case for retrial."State ex rel. Squire v. City of Cleveland (1948), 150 Ohio St. 303,345.
The standard employed when reviewing a claim based upon the weight of the evidence is not the same standard to be used when considering a claim based upon the sufficiency of the evidence. The United States Supreme Court recognized these distinctions in Tibbs v. Florida (1982), 457 U.S. 31, where the Court held that unlike a reversal based upon the insufficiency of the evidence, an appellate court's disagreement with the jurors' weighing of the evidence does not require special deference accorded verdicts of acquittal, i.e., invocation of the double jeopardy clause as a bar to relitigation. Id. at 43.
Upon application of the standards enunciated inTibbs, the court in State v. Martin (1983), 20 Ohio App.3d 172, has set forth the proper test to be utilized when addressing the issue of manifest weight of the evidence. The Martin Court stated:
 There being sufficient evidence to support the conviction as a matter of law, we next consider the claim that the judgment was against the manifest weight of the evidence. Here, the test is much broader. The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
In this case, for defendant-appellant to be deemed a habitual sexual offender, he would have had to either been convicted or pled guilty to a sexually oriented offense.[1] R.C. 2950.09(E). From a review of the record, it is clear that defendant-appellant had been convicted of several crimes which are not sexually oriented. However, as the state points out, he was also convicted of felonious assault under R.C. 2903.01. Pursuant to R.C. 2950.01(D), if the felonious assault was committed "with a purpose to gratify the sexual needs or desires of the offender," then it qualifies as a sexually oriented offense.
A review of the record does not establish whether or not the felonious assault conviction was "with a purpose to gratify the sexual needs or desires of the offender." Therefore, we remand this case back to the trial court for another hearing under R.C. Chapter 2950 for conclusive findings relative to the trial court's determination in re: "gratification."
Judgment affirmed in part, reversed in part and remanded.
This cause is affirmed in part, reversed in part and remanded for proceedings consistent with this opinion.
Costs to be divided equally between plaintiff-appellee and defendant-appellant.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _______________________________ ANN DYKE, PRESIDING JUDGE
 _______________________________ MICHAEL J. CORRIGAN, JUDGE CONCURS.
 _______________________________ DIANE KARPINSKI, JUDGE CONCURS IN JUDGMENT ONLY.
N.B. This entry is an announcement of the court's decision. See App. R. 22(B), 22(D) and 26(A); Loc. App.R. 27. This decision will be journalized and will become the judgment and order of the court pursuant to App. R. 22(E), unless a motion for reconsideration with supporting brief, per App. R. 26(A) is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App. R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).
[1] We note that under R.C. Chapter 2950, there are three separate and distinct classifications: 1) sexually orientated offender, 2) habitual sex offender, and 3) sexual predator.